IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| MAKUEEYAPEE D. WHITFORD, | CV 22-70-H-SEH |
| --- | --- |
| Plaintiff, | |
| vs. | ORDER |
| JIM SALMONSEN and C. JOHNSON, | |
| Defendants. | |

Pro se Plaintiff Makueeyapee Whitford ("Whitford"), alleges violations of his constitutional and statutory rights and moves for a temporary injunction.[1] The Complaint will be ordered served in part. The motion for temporary injunction will be denied.

I. STATEMENT OF THE CASE

Whitford is incarcerated at Montana State Prison ("MSP"). Defendant Jim Salmonsen ("Salmonsen") is the warden of MSP.[2] Defendant C. Johnson is a disciplinary hearings officer at MSP.[3] Whitford alleges he was disciplined without sufficient due process and that the sanction—requiring six months of clear conduct

---

[1] Doc. 2.

[2] Doc. 2 at 2.

[3] Doc. 2 at 2.

to participate in certain religious activities—violates the Constitution and the Religious Land-use and Institutionalized Persons Act ("RLUIPA").

## II. SCREENING UNDER 28 U.S.C. §§ 1915, 1915A

The Court has liberally construed the Complaint to determine whether it is frivolous or fails to state a claim upon which relief may be granted. If appropriate, Plaintiff will be given notice of deficiencies that might be cured and extended an opportunity to amend.

### A. Disciplinary process

Whitford asserts he was entitled to certain disciplinary procedures.[4] He was not so entitled. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[5] The Due Process clause does not afford Whitford a protected liberty interest that would entitle him to the procedural protections he seeks.[6]

Whitford's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."[7] He fails to state a claim regarding the process of his disciplinary action.

---

[4] Doc. 2 at 13

[5] *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

[6] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

[7] *Id.*

2

### B. Religious Claim

Whitford asserts that MSP's policy of requiring six months of clear conduct before a prisoner may participate in certain aspects of Native American religious practice violates both his First Amendment rights and RLUIPA.[8] This count may state a claim upon which relief may be granted and will be served.

## III. MOTION FOR TEMPORARY RESTRAINING ORDER

Whitford has moved for a temporary restraining order and preliminary injunction to suspend MSP's policy requiring a six-month infraction free period prior to participating in certain activities.[9]

### A. Legal Standard for Issuing Preliminary Injunction

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion."[10] The party seeking an injunction must show that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest.[11]

---

[8] Doc. 2 at 19–27.

[9] Doc. 3.

[10] *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original).

[11] *Winter v. NRDC, Inc.,* 555 U.S. 7, 20 (2008).

3

The Prison Litigation Reform Act ("PLRA") likewise constrains the Court's authority to enter an injunction.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. *The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system.*[12]

A "mandatory injunction [as sought here] orders a responsible party to take action," rather than merely preserve the status quo, and "is particularly disfavored."[13]

### 1. Likelihood of Success on the Merits

Whitford has asserted claims under the First Amendment and RLUIPA. To state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a "religious exercise," and (2) the State's actions have substantially burdened that exercise.[14] If the prisoner satisfies those elements, then the State must prove its actions were the least restrictive means of furthering a compelling governmental interest.[15]

---

[12] 18 U.S.C. § 3626(a)(2) (emphasis added).

[13] *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (citation and quotation marks omitted).

[14] *Shakur v. Schriro*, 514 F.3d 878, 888-89 (9th Cir.2008).

[15] *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir.2005).

4

Whitford claims that although he can participate in many aspects of his religion, he is barred from participating in four important practices, (1) drum circle, (2) being the pipe carrier, (3) setting up the sweat lodge, and (4) the annual powwow.[16] Plaintiff's inability to participate in certain aspects of his religion for six months does not demonstrate a substantial burden not justified by Defendant's compelling governmental interest.

Whitford asserts that his case mirrors *Warsoldier*. Where the prisoner faced a choice between practicing his religion or facing discipline. Here, Whitford admits: (1) he can practice much of his religion; (2) he is only barred for a short time from certain elements of religious practice; and (3) he does not face any kind of choice between discipline and religious practice.

### 2. Likelihood of Irreparable Harm

Whitford has not alleged that, prior to discipline, he was doing any of the activities now barred and he has failed to show that a limited six-month delay in performance of some aspects of his religion amount to irreparable harm. Even if Whitford had shown a possibility of irreparable harm, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our

---

[16] Doc. 2 at 19–20.

characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[17]

### 3. The Balance of Equities/Public Interest

"Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge."[18] Here, the public's interest in secure and safe incarceration weighs against any intervention by the Court in jail administration, absent a much stronger factual case in favor of such intervention. Extraordinary relief is not warranted as Whitford has not demonstrated that he is likely to: (1) succeed on the merits; (2) suffer irreparable harm in the absence of injunction; (3) the balance of equities tip in his favor; and (4) or an injunction is in the public interest.[19]

**ORDERED:**

1. Whitford's Motion for a Temporary Restraining Order and a Preliminary Injunction is DENIED.[20]

2. Whitford's due process claim is DISMISSED. Defendant C. Johnson is DISMISSED.

---

[17] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

[18] *Roman v. Wolf*, 977 F.3d 935, 940 (9th Cir. 2020).

[19] *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

[20] Doc. 3.

6

3. Salmonsen is requested to waive service of summons of the Complaint by executing, or having counsel execute, a Waiver of Service of Summons. The Waiver, if accepted, must be returned to the Court as required by Fed. R. Civ. P. 4(d), and an answer, or appropriate motion, will be due within 60 days of filing of this Order.[21]

4. The Clerk of Court shall e-mail the following documents to Salmonsen: (1) the Complaint; (2) this Order; (3) a Notice of Lawsuit & Request to Waive Service of Summons; and (4) a Waiver of Service of Summons.

5. Whitford <u>shall not</u> move for default until at least 70 days after the date of this Order.

6. Whitford must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address will result in the dismissal of the case.

DATED this 1st day of September, 2022.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

---

[21] *See* 42 U.S.C. § 1997e(g)(2).