MONTANA DEPARTMENT OF JUSTICE
Michael D. Russell
Agency Legal Counsel
Agency Legal Services Bureau
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440
Telephone: (406) 444-2071
Facsimile: (406) 444-4303
Michael.Russell@mt.gov

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| MAKUEEYAPEE D. WHITFORD,<br><br>Plaintiff,<br><br>v.<br><br>JIM SALMONSEN,<br><br>Defendant. | Case No. CV 22-00070-H-SEH<br><br>**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Plaintiff Makueeyapee Whitford ("Plaintiff") filed his Complaint in this case alleging that Montana State Prison ("MSP") officials denied him his right to freely exercise his religion and that prison officials denied him his right to due process of law. The Court has screened out his due process claim, leaving only the free exercise claims brought

pursuant to 42 U.S.C. § 1983, and § 3(a), 42 U.S.C. § 2000cc-1(a)) ("RUILPA"). *See* Doc. 8. Plaintiff's § 1983 claim should be dismissed because he has failed to state a claim for which relief may be granted.

## FACTUAL BACKGROUND

Plaintiff is an inmate incarcerated at MSP (Doc. 2, p. 1). Plaintiff has accrued at least sixteen staff assaults, seven counts of threatening staff, and two counts of conspiring to or attempting to assault staff. (*Id.*, pp. 24, 25). Twenty of these are major infractions. (Doc. 2-1, p. 22). On or about November 15, 2021, MSP staff "discovered a 14-inch-long piece of steel wrapped in napkins and paper towels and tied by a piece of string to [Plaintiff's] window." (Doc. 2 at 4; Doc. 2-1, p. 2). Prison officials identified the item as a weapon, a "shank." (Doc. 2-1, p. 2). Plaintiff was given a major disciplinary infraction for possessing the weapon. (*Id.*). Plaintiff complains that, as a result of receiving the major infraction, he is prohibited from participating in some of his religious activities until such time as he maintains good behavior for six months. (Doc. 2 at p. 11). Specifically, Plaintiff claims he is prohibited from: 1) participating in drum group; 2) setting up the sweat lodge; 3) being elected pipe carrier; and 4) attending the annual spiritual gathering.

(Doc. 2, at pp. 11-12). Plaintiff alleges that the prohibition on his attendance at these activities amounts to an unconstitutional deprivation of his right to freely exercise his religion. (Doc. 2 at p. 12).

Defendant Jim Salmonsen ("Defendant") is the Warden of MSP. (Doc. 2 at 2.) Plaintiff alleges that Defendant affirmed the judgment of the Disciplinary Hearings Officer ("DHO"), who found that Plaintiff had possessed a weapon in violation of MSP regulations. (Doc. 2 at p. 11). Plaintiff did not include any further allegations regarding Defendant's behavior in relation to his Complaint. (*See* Doc. 2, *generally*.)

In light of the allegations set forth in the Complaint, Plaintiff cannot maintain his claim against Defendant. Namely, Plaintiff has failed to assert sufficient facts to support an allegation that Defendant personally participated in the claimed violation of Plaintiff's rights. Plaintiff's Complaint should be dismissed for this reason alone.

## ARGUMENT

Plaintiff's claim against Defendant fails as a matter of law because the facts alleged in the Complaint do not indicate that Defendant personally participated in the alleged denial of Plaintiff's right to freely exercise his religious beliefs. "Liability under section

1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009); *Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding it is proper to dismiss where there are no allegations of knowledge of or participation in an alleged violation).

The only specific conduct Plaintiff attributed to Defendant was affirming the decision of the DHO. However, even assuming, *arguendo,* that this were sufficient personal involvement to sustain a section 1983 claim, Plaintiff's attachments to his Complaint reveal that Defendant did not in fact affirm the decision of the DHO. (Doc. 2-1 at p. 19). In any event, Plaintiff has failed to show that Defendant personally participated in any capacity in this matter, and the only allegation he made to that effect is flatly contradicted by his own evidence. Liability

simply cannot attach to Defendant under these circumstances, and Plaintiff's claim therefore fails as a matter of law.

## **CONCLUSION**

In order to successfully state a claim against Defendant pursuant to the Free Exercise Clause, Plaintiff must show that Defendant personally participated in the alleged constitutional violation. Defendant clearly did not personally participate in the circumstances surrounding the matter at the heart of Plaintiff's Complaint. The Court should dismiss this case accordingly.

DATED this 31st day of October, 2022.

> MONTANA DEPARTMENT OF JUSTICE
> AGENCY LEGAL SERVICES BUREAU
>
> *Counsel for Defendant*
>
> By:   */s/ Michael D. Russell*
>      MICHAEL D. RUSSELL
>      Agency Legal Counsel

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 746 words, excluding the caption, certificates of service and compliance, and if required, any tables of contents and authorities, and exhibit index.

By: */s/ Michael D. Russell*
MICHAEL D. RUSSELL
Agency Legal Counsel

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I hereby certify that on October 31, 2022, I caused a copy of the foregoing *Brief in Support of Defendant's Motion to Dismiss* to be served on the following persons by the following means:

| | |
|---|---|
| __1__ | CM/ECF |
| _____ | Hand Delivery |
| __2__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Makueeyapee D. Whitford, #3015941
   Montana State Prison
   700 Conley Lake Road
   Deer Lodge, MT 59722

By: */s/ Michael D. Russell*
   MICHAEL D. RUSSELL
   Agency Legal Counsel
   Agency Legal Services Bureau
   Attorney for Defendant