# MSP PRISONER REQUEST/AUTHORIZATION FOR ELECTRONIC FILING IN FEDERAL COURT

Complete this form for documents you want filed in the United States District Court of Montana.

| Prisoner Name (Last, First, M.I.) | Prisoner ID #: | Federal Court Case #: |
|---|---|---|
| MR. WHITFORD, MAKUEEYAPEE D. | 3015941 | CV 22-70-BMM-JTJ |

**List each document separately**

| No. | Document Name/Description of Document to be Filed | Number of Pages: |
|---|---|---|
| 1 | MOTION TO ENJOIN MSP/DOC STAFF & EMPLOYEE'S FROM. | .9 Pages |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Documents submitted for filing in federal court are matters of public record. They are not considered "legal correspondence" pursuant to MSP Policy 3.3.6 and are not subject to the procedures set forth in MSP Policy 3.3.6(III)(C) or 3.3.6(III)(D).

**\*\*YOU DO NOT HAVE THE RIGHT TO BE PRESENT FOR SCANNING\*\***

I hereby certify that the attached filing meets the following criteria: (initial each line):

_X_ My document is typed or neatly handwritten on 8-1/2" x 11" paper in black or blue ink on white paper.
_X_ My document is written on only one side of each sheet of paper.
_X_ My document has 1" margins at the top, bottom, and left and right sides of the page.
_X_ My document is signed and dated.
_X_ Each page of my document is clearly numbered.
_X_ My document is not stapled or otherwise bound.
_X_ My document does not contain original discovery requests or settlement/mediation statements.
_X_ My document is enclosed in an appropriate envelope.

Signed: _____   Date: _9-13-2023_
(Prisoner's signature)   (Date submitted to prison officials for scanning)

---

**\*\*\*\*STAFF USE ONLY\*\*\***
**Do not write in this box**

Date received: _9-14-23_
Date scanned: _9-14-23_
Date originals returned to prisoner: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
Helena Division

| | |
|---|---|
| MAKUEEYAPEE D. WHITFORD,<br>          Plaintiff,<br><br>v.<br><br>BRIAN GOOTKIN and JIM<br>SALMONSEN,<br>          Defendant's, | CAUSE NO. CV 22-70-BMM-JTJ<br><br>MOTION TO ENJOIN MSP/DOC STAFF<br>AND EMPLOYEE"S FROM FRUSTRATING<br>AND IMPEDING FUTURE ACCESS TO<br>COURTS |

INTRODUCTION

The plaintiff is located in High Side Unit 1 at the Montana State

Prison. Ever since he has gotten released from Max. Custody and has

been High Side Unit 1, the Unit Manager, Mr. Graham, has been instruct-

ing staff about how to handle access to courts issues. At first, there

was only one typewritter available, then Mr. Whitford put in a grivance

concerning that issue in which prompt attention was given to fixing

the typewriters. Thus began the first issue regarding this subject,

since then, other materials that Mr. Whitford needs in order to file

his pro se filings such as paper, typing ribbon's, eraser ribbon's,

etc. plus services such as notarial services and the signing of the

electronic filing reciepts has become an increasingly difficult task

to the point that Mr. Whitford now is only allowed 10 pages of writing

paper, no typing paper, no eraser ribbon's, and has to file his electron-

ic filing papers without proof or evidence that they were ever hand

delivered or filed pursuent to the prison mailbox rule and he has not

been given any notary public in order to authenticate 3 affidavits

that he has written in support of his summary judgment motion that

he intends to file in this case. However, he is an indigent inmate

and he cannot afford the materials mentioned in this case. If the

current situation continues, Mr. Whitford is doubtful that he will be able to meet the deadline that the court has ordered. The Unit Manager will not give Mr. Whitford any more paper and he is dangerously close to running completely dry. He had to barrow the paper for which he is now writing this motion on which is a violation of policy, rules, and procedures and for which he can legally be given a major infraction for doing. Additionally, Mr. Whitford is only given access to the computer tablets once every other day in order to access the LEXIS NEXIS database for case law, statutes, and other authorities. He is given tablets around 12:00 in the afternoon, to about 8:00p.m. at night, giving him approx. 8 hours every other day in which to do legal work, do school work, and to communicate with his people via e-mail.

## STATEMENT OF FACTS

1. Mr. Whitford has been in HSU-1 for approx. one month.

2. When he got to HSU-1 there were no typewriters that were working. So, he put in a grievance in order to get them fixed. Those typewriter's just got fixed within a couple of days as the writing of this motion.

3. There was one typewriter that Mr. Whitford was allowed to check out that worked. He had to share it with everyone on his block in Upper D-2 until the other typewriter's were fixed.

4. At first, when he began asking for typing paper, staff would give it to him freely.

5. Then staff started to tell him that he could only have 10 pages a day. That was quickly changed to 30 pages a month. Then that changed again to 10 pages a month. And, then it changed to 10 pages a month, but only writing paper that was normally given out for indigent

supplies non-legal in nature. That is where we are now.

6. This was instituted by the Unit Manager, Mr. Graham, of HSU-1. Mr. Whitford currently has several grievances in related to these access to court issues. As the right to materials, services, and resources are supporting rights of the right to access to the courts.

7. The problems didn't stop there. Mr. Whitford next completed a document concerning objections to the court which he just turned in and he needed to have that document verified by an officer, that he hand delivered it to correctional staff. However, staff were instructed to not sign the electric filing request. Mr. Whitford had to finally have it sent in without any way of verifying that he turned it in via hand delivery to correctional staff.

8. It is important to note, that all DOC/MSP staff, have to sign a code of ethics and enter into a contractual relationship with the state in order to work at a DOC/MSP facility.

9. That Code of Ethics states in part: "I shall uphold the tenets of the United States Constitution, its amendments, the Montana Constitution, federal and state laws, rules, regulations, and policies of the Department."

10. As an inmate at a DOC/MSP facility, the plaintiff is a third-party benificiary of this consential contract between the State of Montana and DOC/MSP employee's, because these code of ethics were designed to create a safe, secure, and orderly facility for inmates and employee's alike.

11. Next, Mr. Whitford submitted a request to the Case Manager/Unit Counselor who is responsible to provide notorial services, which Mr. Whitford needs in order to notarize his supporting documents in his Statement of Undisputed Facts In Support of his Motion for Summary

Judgment. (In Cause No. CV 22-70-BMM-JTJ).

12. He has not recieved any response concerning this request yet.

13. Mr. Whitford also ran out of Typewriter eraser ribbon's and when he asked about a replacement ribbon, the Unit Manager told Mr. Whitford that they didn't have any. Mr. Whitford knows this not to be true because another Correctional Officer accidently gave Mr. Whitford a box of them thinking that it was a typeing ribbon. Which is different than a typing eraser ribbon. One is to type, one is to erase what you typed.

14. Mr. Whitford has written several Staff Conduct grievance on these actions and thus exhausted his greivances in that regard because the only thing an inmate can request when it comes to Staff Conduct grievances are Investigations and inmates are not allowed to know the result of that Staff Conduct grievance because it violates privacy of the staff involved.

15. Other greivances involve policy considerations that will not be done in time to keep these policies from effecting the September 22nd, 2023 deadline that Mr. Whitford has in which to complete his Pretrial Motions. Therefore, remedies are unavailable to him in that regard.

16. The biggest policy concern is that Mr. Whitford isn't allowed to access the tablets which have Nexis Lexis but once every two day's and he needs more time to prepare his case and to be able to have equal access to the schooling services that those tablets offer as well as the email services that they offer all in addition to the legal work that Mr. Whitford needs to complete.

17. Mr. Whitford has ordered paper, typewriting ribbons, and

Page 4 of 9

copy cards on a routine basis when he has had the funds to do so.

18. Mr. Whitford is now indigent and has been so for several months now. He cannot afford to buy the materials that he needs to continue to litigate effectively and he has exhausted his stores of paper, typing ribbon's, eraser ribbon's, and copy cards.

19. Additionally, this case is not the plaintiff's only case. He is in the middle of preparing a Habeas Corpus petition which is already past the statute of limitations because of governmental in-efficency related to his criminal case which he believes that he will be able to challenge on other basis thereby getting past the statute of limitations. And, then he is also challenging the State of Montana's jurisdiction under the Public Law 280 agreement between the CSKT tribes and the State of Montana.

20. Mr. Whitford is aware of the fact that he cannot be given unlimited materials, but he also has a right to be given a limited amount of assistance by the government in order to persue his claims in court.

ARTICULATION OF LAW

21. Under the Constitution of the United States of America, the pliantiff has a right to access to the courts. US Const. Amend 1.

22. In order to have standing to issue an injunction, the court must see that the defendant's conduct has caused the plaintiff some actual injury or threatens to do so, if a favorable court decision is likely to redress the injury. Spint Communications Co., L.P. v. APCC Services, Inc., __U.S.__, 128 S.Ct. 2531, 2535 (2008); Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315 (1984); Valley Forge Christian College v. Americans United for Seperation of Church and State, 454

U.S. 464, 472, 102 S.Ct. 752 (1982). In cases about the access to courts, the "actual injury" that prisoners are required to show is that "a non-frivolous legal claim had been frustrated or was being impeded." Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174 (1996).

23. A plaintiff may have standing to seek damages without having standing to seek an injunction. See Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1041 n.1 (9th Cir. 1999), overruling Nava v. City of Dublin, 121 F.3d 453 (9th Cir. 1997). Therefore, it would seem that the opposite would also be true, that a plaintiff may have standing to seek an injunction without having standing to seek damages.

24. There are three kinds of access to the courts claims that prisoner's can assert:

(a) Right to assistance claims. These are claims that prison officials failed to assist prisoners in bringing legal actions, by providing law libraries or legal assistance, as required by the decision in Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491 (1977).

(b) Interference Claims. These claoms that prison officials or other officials interfered with prisoners' attempts to bring or pursue legal actions.

(c) Retaliation Claims. These are claims that officials retaliated against prisoners who brought or tried to bring legal actions.

25. If injury is imminent, "one does not have to await the consummation of threatened injury to obtain preventative relief." Farmer v. Brennan, 511 U.S. 825 (1994).

26. The plaintiff cannot locate the correct law, but he is sure that he has seen a provision of law that stated that all courts have an ability to regulate their cases to ensure that they are moving in a continuing and efficient manner and that they could issue injunctive

Page 6 of 9

relief in order to ensure those principals. This is such a case where this type of injunction would issue.

## ARGUMENT

27. In this case, the actions of the employee's under the control of the defendant's who are their superior's and who can ensure that the state actor's mentioned in this motion follow the Court's order's if the Court decides to issue such order enjoining these state actors from doing certain things or enjoining them to do certain things.

28. The state actor's in this case, are currently and actively impeding and frustrating the plaintiff's rights and ability to access the courts by preventing him from obtaining the materials that he needs in order to carry on his ligigation, and the services that he needs to carry on his litigation, and by preventing him from accessing the Lexis Nexis tablet on an equal basis as other inmates while also allowing him the ability to research the law.

29. The state actor's behavior is becoming increasingly frustrating and threatens future injury by preventing the plaintiff from reaching his deadlines and therein litigating effectively.

30. If the state actor's behavior is not put in check, it is likely that the plaintiff's legal cases will be put in jeapardy and result in irreparible injury.

31. The plaintiff's current case, is proof of a non-frivilous case, he has been working this case for almost a year.

32. The state actor's behavior violates all three access to courts claims mentioned in this motion.

33. The plaintiff's injury is imminent. After this motion, he will not be given any paper by the Unit Manager or Unit Staff until

October 1st, 2023. And, even then he will only recieve 10 pages of writing paper, not typing paper, and that won't be recieved until the middle of the month of October because he can only submit his request for indigency in the first two days of the begining of the month.

34. Without the ability to efficiently litigate, the plaintiff's case will be interupted and the court will ultimately be effected. Therefore, the court has the jurisdiction and ability to issue an injunction enjoining the defendant's to prevent any further violations, frustrations, and impediments by issuing the plaintiff's requested relief or providing relief that the plaintiff is otherwise entitled to.

## RELIEF REQUESTED

WHEREFORE THE PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

35. That this court enjoin the defendant's and the state actor's mentioned in this case, especially Unit Manager Graham of High Side Unit One, from further violating the plaintiff's right to access to the courts, from frustrating the plaintiff's right to access the courts, and from impeding the plaintiff's right to access the courts.

36. That this court enjoin the defendant's and the state actor's mentioned in this motion, from preventing the plaintiff from recieving materials that he needs in order to litigate his case. Specifically, by providing the plaintiff with typing paper, ink cartriges, and eraser ribbon's by witch to litigate and by providing the plaintiff with notary public services.

37. That this court enjoin the defendant's and the state actor's mentioned in this motion, by ordering them to verify his electric filing form by initialing it when it is hand delivered to them, when it is scanned, and when it is returned to him, to include the date and time

that these actions took place.

38. That this court enjoin the defendant's and state actor's mentioned in this motion, by ordering them to provide the plaintiff with an Edovo Tablet in order to access the Lexis Nexis on a daily basis rather then a bi-daily basis, so that the plaintiff can access the tablet on an equal basis as other inmates while also being able to do research of the law. Thereby having equal time to program by utilizing the educational benifits of these tablets and the communication benifits of these tablets also.

39. That this court enjoin the defendant's and the state actor's mentioned in this motion, from retaliating in subtle ways and thereby frustrating and impeding his ability to litigate effectively.

## CONCLUSION

The plaintiff respectfully asks this court to provide the relief requested or any other releif that the court determines that the plaintiff is entitled to.

The plaintiff hereby declares under the pentaly of purjury, that the foregoing is true and complete according to his knowledge and belief.

Done this 13 day of September, 2023.

Signed,  MAKUEEYAPEE D. WHITFORD
#3015941
Montana State Prison
700 Conley Lake Road
Deer Lodge, MT 59722