MONTANA DEPARTMENT OF JUSTICE
Jeremy S. Craft, Agency Legal Counsel
Agency Legal Services Bureau
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440
Phone: (406) 444-7375
Fax: (406) 444-4303
Jeremy.Craft@mt.gov

*Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| MAKUEEYAPEE D. WHITFORD, | CV 22-70-H-BMM-JTJ |
|---|---|
| Plaintiff, | |
| v. | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENJOIN MSP/DOC STAFF & EMPLOYEES FROM FRUSTRATING AND IMPEDING FUTURE ACCESS TO COURTS |
| BRIAN GOOTKIN and JIM SALMONSEN, | |
| Defendants. | |

On September 13, 2023, Plaintiff Makueeyapee Whitford filed a motion to enjoin Montana State Prison ("MSP") staff from frustrating and impeding future access to courts. (Doc. 50, the "Motion.") This Court should deny Whitford's Motion because Whitford has not demonstrated that he is likely to succeed on the merits of his access-to-courts claim, or that he is likely to suffer immediate, irreparable harm

in the absence of an injunction. He has also not clearly shown that the balance of equities tips in his favor, or that an injunction would be in the public interest. He is thus not entitled to an injunction.

Whitford asks this Court to enjoin MSP officials from "violating," "frustrating," and "impeding" his access to courts, and from "retaliating in subtle ways." (Doc. 50, ¶¶ 35, 39.) He also asks this Court to compel MSP officials to issue him a tablet having access to LexisNexis, give him paper and other supplies necessary for his litigation, and to notarize and to verify filing of his documents. (*Id.*, ¶¶ 36–38.) This relief is not narrowly drawn to address any alleged harms, or the least restrictive means of correcting any harms; nor does it address any concerns of prison operations. The Court should deny his Motion.

## LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 9, 129 S. Ct. 365 (2008). It "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (emphasis in original) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865 (1997). To obtain a preliminary

injunction, Whitford must establish that 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Winter*, 55 U.S. 7 at 20). As a general matter, district courts "must consider" all four *Winter* factors. *Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 577 (9th Cir. 2014). The first *Winter* factor, likelihood of success, "is a threshold inquiry and is the most important factor" in any motion for a preliminary injunction. *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2008). Thus, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

Additionally, there are statutory limits on the scope of preliminary injunctive relief courts may grant to inmates seeking such relief against prison officials.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or

the operation of a criminal justice system caused by the preliminary relief….

18 U.S.C. § 3626(a)(2); *and see Gilmore v. California*, 200 F.3d 987, 999 (9th Cir. 2000) ("Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators…."); *Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001) ("Before granting prospective injunctive relief, the trial court must make the findings mandated by the [Prison Litigation Reform Act (PLRA)] and must give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.") (internal quotation marks and citations omitted).

Thus, to succeed on his motion for an injunction, Whitford must meet all four factors of the *Winter* test, demonstrate he meets the serious questions test, and meet the higher burden for preliminary injunctive relief under the PLRA.

## ARGUMENT

Whitford cannot meet his burden on any of the *Winter* factors, and therefore, this Court must deny his motion for injunction.

1. <u>Whitford is unlikely to succeed on the merits of his claims.</u>

Under the first prong of the *Winter* test, Whitford must affirmatively show that he is "likely to succeed" on the merits of his claim. *Am. Trucking Ass'ns*, 559 F.3d at 1052. This Court has determined that Whitford has stated a cause of action pursuant to the Religious Land Use and Incarcerated Persons Act ("RLUIPA") (Doc. 8). However, Whitford does not mention the underlying cause of action in his motion for a protective order or injunctive relief, let alone offer any analysis showing he is likely to succeed on the merits. He therefore has not, "*by a clear showing*, carried the burden of persuasion" as to whether he is likely to succeed on his claim. *Mazurek*, 520 U.S. at 972 (citation omitted, emphasis in original).

Whitford has not established the first *Winter* element required for the issuance of a preliminary injunction, and this motion should be denied.

2. <u>Whitford has not shown irreparable harm is likely to result in the absence of the injunction.</u>

Under the second prong of the *Winter* test, Whitford "may not obtain a preliminary injunction unless he can show that irreparable harm is likely to result in the absence of the injunction. *Am. Trucking Ass'ns*, 559 F.3d at 1052; *and see Winter*, 555 U.S. at 22 (holding

movant's burden is not to show a "possibility" of harm, but that "irreparable injury is *likely* in the absence of an injunction) (emphasis in original and internal citations omitted). Whitford's motion fails to carry his burden on this element for several reasons.

First, while a violation of constitutional rights is a legal harm which can be sufficient for a preliminary injunction (*Monterey Mechanical Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir. 1997)), Whitford has not shown that the alleged actions themselves violate his constitutional rights, much less that they were done with the intent to cause such a violation. Whitford alleged that prison officials are withholding typewriters[1] and typewriter supplies from him (Doc. 50, ¶¶ 2, 3, 13), but because a prison need not provide typewriters for inmates (*Lindquist v. Idaho State Bd. Of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985), withholding a typewriter from Whitford cannot violate his rights. Whitford also alleged that prison officials refused to give him paper to use in litigation. (Doc. 50, ¶ 5.) However, Whitford does not provide any basis for his allegation that prison officials are obligated to give him

---

[1] Whitford alleged that there were no working typewriters available until he notified MSP staff. (Doc. 50, ¶ 2.) MSP staff had the typewriters fixed. (*Id.*) There was one working typewriter shared among the inmates on his block, then MSP staff provided more as they were fixed. (*Id.*, ¶ 3.) This is patently *facilitation* of Whitford's access to courts, not "frustrating" or "impeding."

free paper. If prison officials are under no obligation to give him free paper, as with typewriters, withholding free paper cannot be a violation. Whitford also alleged that he does not have adequate access to a library because he is only allowed to check out a tablet he can use to access LexisNexis every other day. (Doc. 50, ¶ 16.) Prison officials are obligated to provide inmates with adequate law libraries. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491 (1977). However, "the Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." *Lindquist*, 776 F.2d at 858. Whitford has constitutionally sufficient access to prison-issued tablets.

Second, there is no evidence that Whitford was injured or would be in the future. Since filing his motion for injunction, he has timely filed a typewritten Motion for Summary Judgment (Doc. 51) and supporting documents—in fact, he filed his Motion for Summary Judgment four days before the deadline. Furthermore, it was filed the same day he signed it, indicating that prison officials did not delay its filing. His supporting affidavits were duly notarized. Whitford's

September filings total 226 pages, indicating that he has not suffered from a shortage of paper. His filings contain citations to case law to support his assertions, indicating that his access to an adequate law library is at least sufficient. If he is concerned that he might have trouble meeting filing deadlines due to a shortage of paper, he is free to move this Court for an extension of deadlines. He has suffered no injuries, and he has nothing more than speculation to offer as evidence that he might be injured in the future. None of this constitutes the sort of likely irreparable injury required to obtain preliminary relief.

   3. <u>Whitford's request for relief does not tip the balance of the equities in his favor, cannot be narrowly tailored, and does not serve the public interest or account for operational concerns of a correctional institution.</u>

Whitford's burden on the final two *Winter* factors requires that he clearly show that the balance of equities tips in his favor and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 129 S. Ct. at 374). Because Whitford is an inmate seeking an injunctive order against correctional officials, the PLRA imposes two additional requirements upon the consideration of these elements. First, the relief must be "narrowly drawn, extend no further than necessary to correct the harm the court

finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Second, there must be "substantial weight [given] to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.*

Whitford asks that this Court "enjoin the defendants and the state actors mentioned in this case … from further violating the plaintiff's right to access to the courts, from frustrating the plaintiff's right to access the courts, and from impeding the plaintiff's right to access the courts;" that prison officials "provid[e] the plaintiff with typing paper, ink cartridges, and eraser ribbons … and … notary public services;" to "order[ ] [prison officials] to verify his electric filing form…;" to "order[ ] [prison officials] to provide the plaintiff with [a tablet] … to access the LexisNexis on a daily basis…;" and "enjoin the defendants and the state actors … from retaliating in subtle ways and thereby frustrating and impeding [plaintiff's] ability to litigate effectively." A grant of these requests would be so broad as to be unworkable.

Whitford's meaning as to "violating," "frustrating," and "impeding" his right to access the court is opaque. It is impossible prison officials to

understand what acts Whitford might construe as "violation," "frustration," or "impediment" to his rights, and thus Whitford is asking this Court to order prison officials to do whatever he wants to assist in his litigation. Nor is it possible for either Defendants or this Court to anticipate what Whitford might take to be retaliatory. These requests, if granted, would burden prison officials far more than they would Whitford and are far too general to meet the PLRA's requirement for narrowly tailored, specific relief.

Others of Whitford's requests, while narrower (e.g., "provid[e] the plaintiff with typing paper, ink cartridges, and eraser ribbons … and … notary public services"), go far beyond merely protecting his right of access to the courts. These requests would unfairly burden MSP with Whitford's costs of litigation and would disrupt prison operations lest leaving Whitford without a staff of his own constitute a "frustration" or "impediment" to his access to the court.

Whether interpreted broadly or narrowly, Whitford offers no practical solution as to how the extraordinary relief he seeks is feasible, let alone limited. His motion does not consider the adverse impacts on MSP operations and cannot be reasonably tailored to the alleged harm.

He has not clearly shown that the balance of hardships favors him or that the relief he seeks serves the public interest.

## CONCLUSION

Whitford has not established any of the four *Winter* factors. Even if he had, he has not raised serious questions going to the merits of his claim, and the balance of hardships does not tip in his favor. This Court should deny his motion.

DATED this 28th day of September 2023.

AGENCY LEGAL SERVICES BUREAU

*/s/ Jeremy S. Craft*
JEREMY S. CRAFT
Agency Legal Counsel

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 2,067 words, excluding the caption, certificates of service and compliance, and if required, any tables of contents and authorities, and exhibit index.

>/s/ Jeremy S. Craft
> JEREMY S. CRAFT
> Agency Legal Counsel

# CERTIFICATE OF SERVICE

I certify that on September 28, 2023, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Jeremy S. Craft
JEREMY S. CRAFT
Agency Legal Counsel

I certify that on September 28, 2023, I caused a copy of the foregoing document to be served by first class mail to:

Makueeyapee D. Whitford
#3015941
Montana State Prison
700 Conley Lake Road
Deer Lodge, MT 59722

/s/ Rochell Standish
ROCHELL STANDISH
Paralegal